**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RON SPENCER | CIVIL ACTION NO. |
| VERSUS | 19-470-SDD-EWD |
| DIXON CORRECTIONAL INSTITUTION, ET AL. | |

## ORDER

Ron Spencer ("Plaintiff"), who is representing himself and was previously confined at the Dixon Correctional Institution ("DCI") in Jackson, Louisiana,[1] instituted this action on or about July 16, 2019 against the Dixon Correctional Institution Medical Department, Karla Bringedhi, Lekeshia Jackson, Unknown MacMurdo, Misty Holly, and Dixon Correctional Institution ("Defendants") pursuant to 42 U.S.C. § 1983.[2] Plaintiff alleges that while incarcerated at DCI, DCI and the DCI Medical Department denied him medical treatment, which constituted a deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[3] In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that illustrates *each* defendant's participation in the alleged wrong.[4] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[5] Plaintiff has alleged he was treated with deliberate indifference because he was recommended for "immediate" physical therapy by doctors at U.M.C. on September 2, 2018 but was never referred for physical therapy. According to Plaintiff, in April

---

[1] R. Doc. 6. Plaintiff has been released from incarceration.
[2] R. Doc. 1.
[3] R. Doc. 4-1, p. 2.
[4] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

1

2019, he was scheduled for surgery at U.M.C. but was advised that that surgery could not be completed because he "had waited to [sic] long without getting the proper treatment."[6] While Plaintiff has generally alleged deliberate medical indifference, he has not identified the specific acts of each individual Defendant that he claims constituted deliberate medical indifference.[7] Instead of having his lawsuit dismissed at this time, Plaintiff will be given an opportunity to allege specific facts that he believes support his claims, if possible.[8]

**IT IS ORDERED** that by no later than July 29, 2021, Plaintiff shall file an amended complaint on the standardized § 1983 lawsuit form (attached), stating specific facts to support his claims. In this repleading, Plaintiff shall list each Defendant individually and explain the acts or omissions of each Defendant that Plaintiff believes violated his constitutional rights. Plaintiff is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating only that he was not provided adequate medical care by DCI. Plaintiff must explain how *each* individual Defendant violated his constitutional rights and his amended complaint must expressly state the following:

1) Which Defendant(s) examined and treated you after September 2, 2018?

2) On what date(s) did each Defendant examine and/or treat you after September 2, 2018?

---

[6] R. Doc. 1-1, p. 1.
[7] Plaintiff has generally alleged that DCI and the DCI Medical Department violated his constitutional rights, but these Defendants will be subject to dismissal because they are not considered persons for purposes of § 1983. *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008), *citing United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420 (SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993). Plaintiff must state his claims against the individual persons he deems responsible for the alleged violations.
[8] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Though Plaintiff has already filed one amended complaint, the Court finds it appropriate to provide Plaintiff with one more opportunity to amend. R. Doc. 4.

3) For what conditions did each Defendant examine and/or treat you after September 2, 2018?

4) What course of treatment was prescribed to Plaintiff for what conditions and by which Defendant(s) after September 2, 2018?

5) To the extent treatment was delayed, for what condition(s) was treatment delayed and what injuries you claim you suffered because of the delay?

6) Which Defendant(s) if any were notified of the orders allegedly given by U.M.C. Hospital on September 2, 2018?

7) The First Step Response Form attached to your original complaint states as follows:

> A review of your medical record shows that you were evaluated by Karla Bringedahl, NP on 10-16-17. She diagnosed you with a muscle strain and ordered a knee sleeve, x-ray of right knee, and instructed you to continue taking the previously ordered Ibuprofen. The x-ray was completed on 10-18-17 and no acute abnormality was noted. You were assessed by Nurse Lekeshia Jackson on 11-15-17. She noted you had mild edema to your knee, but no other deformities were noted. Dr. Macmurdo reviewed your medical record and gave no new orders. On 11-28-17, you were seen by Nurse Misty Holley. She documented that you had mild edema to right knee and were walking with a hobbled gait. Nurse Practitioner Bringedahl requested that you follow up in the DCI health care practitioner clinic upon reviewing your medical record.

To the extent you disagree that you received the treatment from the individuals as stated on the First Step Response Form, please explain the basis for your disagreement in your amended complaint.

8) What surgery were you scheduled to have in April 2019 at U.M.C.?

9) Did you file an administrative remedy grievance (ARP) **between** September 2, 2018 and the filing of ARP DCI 2019-463, which was rejected on June 19, 2019?[9] If yes, on what date did you file the ARP and what was the response at the first and second steps?

Plaintiff should include any other information relevant to his claim and should ensure that he is clear which Defendant(s) was responsible for the action/inaction that constituted or led to the

---

[9] R. Doc. 4-1, pp. 4-5.

constitutional violation.  Plaintiff is placed on notice than an amended complaint takes the place of the previous complaints.[10]  His amended complaint will be the operative complaint for this lawsuit and must include all defendants, claims, and facts. Plaintiff is instructed to place the cause number "3:19cv470" on the amended complaint and on all documents that he files in this lawsuit. **This lawsuit may be dismissed for failure to prosecute pursuant to Local Civil Rule 41 for failure to timely comply with this Order.**

Signed in Baton Rouge, Louisiana, on June 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).