## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RON SPENCER**                                                                 **CIVIL ACTION NO.**

**VERSUS**                                                                         **19-470-SDD-EWD**

**DIXON CORRECTIONAL
INSTITUTION, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 7, 2021.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RON SPENCER**                                                              **CIVIL ACTION NO.**

**VERSUS**                                                                          **19-470-SDD-EWD**

**DIXON CORRECTIONAL
INSTITUTION, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On review of the Complaint of Ron Spencer ("Plaintiff") pursuant to the screening process mandated by 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that this matter be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

**I.    Background**

Plaintiff, who is representing himself and was previously[1] confined at Dixon Correctional Institution ("DCI"), Jackson, Louisiana instituted this action against DCI,[2] DCI's Medical Department, Karla Bringedahi, LaKeshia Jackson, Dr. MacMurdo, and Misty Holly ("Defendants") alleging violations of his constitutional rights pursuant to 28 U.S.C. § 1983. Plaintiff alleges that in October 2017, he was not receiving medical treatment for severe pain in his leg and knee, despite filing multiple grievances.[3] In September 2018, Plaintiff was treated at U.M.C. Hospital, and it was recommended that Plaintiff receive "immediate physical therapy."[4] Plaintiff alleges DCI never sent him to physical therapy and instead, attempted alternative forms of treatment. In April 2019, Petitioner was scheduled for surgery at UMC, but, according to Plaintiff, "Doctors advised [Plaintiff] ... had waited to [sic] long without getting the proper

---

[1] Since the filing of this action, Plaintiff has been released from prison. R. Doc. 6.
[2] DCI was originally named as Dixon Correctional Institute, but this name was changed to Dixon Correctional Institution pursuant to amendment. *See* R. Doc. 4.
[3] R. Doc. 4-1, p. 1.
[4] R. Doc. 4-1, p. 1.

treatment."[5] Plaintiff alleges that DCI denied him medical treatment.[6] Plaintiff requests monetary and injunctive relief.[7]

    II.    **Law and Analysis**

        A.  **Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[8] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[5] R. Doc. 4-1, p. 1.
[6] R. Doc. 4-1, p. 2.
[7] R. Doc. 4-1, p. 2.
[8] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on October 3, 2019, so both statutes apply. R. Doc. 5.
[9] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[10] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

face.'"[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[13] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[14] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[15]  A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[16]

### B. Plaintiff's Claims against DCI and the DCI Medical Department are Subject to Dismissal

Plaintiff has named DCI and the DCI Medical Department as Defendants in this action. Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."[17]  Only a "person" may be sued for violation of an inmate's constitutional rights.[18] "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *Id.*
[13] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[14] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[15] *Denton*, 504 U.S. at 33, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[16] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[17] 42 U.S.C. § 1983 (emphasis added).
[18] *Id.*

3

term."[19] Accordingly, Plaintiff's claims against DCI and the DCI Medical Department should be dismissed with prejudice.

### C. Plaintiff's Claims against Bringedhi, Jackson, MacMurdo, and Holly are also Subject to Dismissal

To state a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[20] That plaintiff has not received the treatment or accommodation he believes he should have is not enough to show deliberate indifference absent exceptional circumstances.[21] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[22] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[23] *Farmer* lays out both an objective prong, and a subjective prong.[24] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[25] Under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[26] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[27] Further, a mere

---

[19] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008), *citing United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993).
[20] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).
[21] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[22] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[23] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[24] *Id*. at 837.
[25] *Id*. at 834, *quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[26] *Id.*
[27] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Johnson*, 759 F.2d at 1238.

4

delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[28]

Although Plaintiff has already been given an opportunity to amend his Complaint twice,[29] his allegations regarding deliberate indifference against the individual Defendants are insufficient to state a claim upon which relief may be granted.[30] Considering the Complaint and attachments, Plaintiff alleges Nurses Bringedahl, Jackson, and Holley, and Dr. MacMurdo gave him inadequate medical care in 2017, and Plaintiff alleges a general lack of appropriate medical care in 2018 after Plaintiff's appointment in September 2018 with an outside provider, who recommended Plaintiff receive immediate physical therapy.[31]

Regarding Plaintiff's 2017 medical care, the only information provided indicates that Plaintiff was treated by Nurses Bringedahl, Jackson, and Holley, and Dr. MacMurdo and that a Nurse Practitioner, presumably Bringedahl, did not provide Plaintiff with adequate care and was unprofessional.[32] The Fifth Circuit has previously upheld dismissal pursuant to § 1915(e)(2)(B) of conclusory claims of lack of "adequate" medical care.[33] Read in the light most favorable to Plaintiff, his allegations amount only to a conclusory claim that he was not provided adequate care. Plaintiff has failed to provide this Court with any facts to demonstrate that the care given to him

---

[28] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[29] Because *pro se* plaintiffs should ordinarily be given leave to amend prior to dismissal of their complaint, (*Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017)), on June 29, 2021, the Court ordered Plaintiff to file an amended complaint by no later than July 29, 2021 to state the specific material facts to support his claims, including who treated him, on what dates, for what conditions, and other information required to state a viable claim. R. Doc. 7. Plaintiff failed to timely file an amended complaint in response to the June 29 Order. Plaintiff had previously filed an Amended Complaint in August 2019. R. Doc. 4.
[29] Since the filing of this action, Plaintiff has been released from prison. R. Doc. 6
[30] Federal Rule of Civil Procedure 8(a)(2)'s short and plain standard still applies to Plaintiff's Complaint. However, in the context of § 1983 claims against a government official in his or her individual capacity, claims of specific conduct and actions giving rise to a constitutional violation are required, rather than conclusory allegations. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).
[31] *See* R. Doc. 4-1.
[32] R. Doc. 4-1, p. 3.
[33] *See Harris v. Thaler*, 146 Fed.Appx. 720 (5th Cir. 2005).

was so deficient that it constituted a deprivation that was objectively serious enough to amount to deliberate indifference or that any Defendant acted with a sufficiently culpable state of mind; rather, the only information provided to the Court indicates Plaintiff was treated multiple times in 2017 for a muscle strain and was provided with a knee sleeve and x-rays.[34]  In other words, the only facts alleged indicate that Plaintiff *was* treated, though not in the way he thinks was appropriate.  Additionally, Plaintiff does not allege he suffered any harm from inadequate treatment in 2017.  Instead, he attributes his inability to have surgery and his continued pain to a failure to provide physical therapy that was not recommended until September 2018.[35]  Plaintiff's conclusory allegations of inadequate medical care in 2017 are insufficient to state a constitutional claim of deliberate medical indifference.[36]

Regarding Plaintiff's claim of inadequate medical care after September 2018, Plaintiff does not attribute deficient care to any particular Defendant, and the attachments to the Complaint do establish who provided Plaintiff with care at that time.[37]  Plaintiff asserts that on September 2, 2018, "U.M.C. Hospital" "highly recommended" immediate physical therapy for him.[38]  Rather than providing physical therapy, Plaintiff says unknown medical providers treated him with pain

---

[34] R. Doc. 4-1, p. 3.
[35] As discussed below, Plaintiff has failed to attribute inadequate treatment after September 208 to any specific Defendant. R. Doc. 4-1, p. 3.
[36] *See Harris*, 146 Fed.Appx. at 720; *Ristow v. Hansen*. 719 Fed.Appx. 359, 364 (5th Cir. 2018) (affirming dismissal of a complaint that failed to allege "discrete facts in support" of the plaintiff's allegations).
[37] Courts are permitted to consider attachments to the complaint when conducting the screening process pursuant to §§ 1915(e)(2)(B) and 1915A because in determining whether a plaintiff failed to state a claim, courts utilize the same standard as is used to analyze a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Lewis v. Guillot*, 583 Fed.Appx. 332 (5th Cir. 2014). *See also Brown Morgan v. City of Fort Worth, Tex.*, 2013 WL 3196580 (N.D. Tex. June 25, 2013); *Brown v. Temple*, 2013 WL 1335750 (M.D. La. April 1, 2013).  The Court has considered the attachments to the Complaint, but the attachments solely include an ARP response discussing treatment given to Plaintiff in 2017, prior to the 2018 recommendation for physical therapy, and an ARP filed at some point after December 2018 that complained generally that Plaintiff had not been provided with physical therapy as ordered by U.M.C. Hospital. R. Doc. 4-1, pp. 1-3.
[38] R. Doc. 4-1, p. 1.

medicines and steroid shots.[39]  Even if Plaintiff identified a particular Defendant who chose to treat Plaintiff with medicines and steroid shots rather than physical therapy, this amounts to disagreement regarding treatment, which, without more, is not sufficient to establish a constitutional violation.[40]  Accordingly, Plaintiff's federal claims against Bringedhi, Jackson, MacMurdo, and Holly should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[41]

### D. Exercise of Supplemental Jurisdiction Should be Declined

To the extent Plaintiff seeks to have this Court exercise supplemental jurisdiction over potential state law claims, this Court should decline to do so.  A district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[42]  Since Plaintiff has failed to state a valid federal

---

[39] Rather than attributing the failure to provide physical therapy to any particular Defendant, Plaintiff blames "this facility."  R. Doc. 4-1, p. 1.  Though Plaintiff states he "wrote the Doctor's," he does not specify to whom he wrote regarding receiving treatment.  R. Doc. 4-1, p. 4.  Even if Plaintiff identified to whom he wrote regarding his medical requests in 2018, he has failed to allege that any Defendant read or even received his letters and, therefore, had any subjective knowledge of his medical complaints.  *Cf. Shafer v. Collier*, No. 19-114, 2020 WL 7074606, at *10 (E.D. Tex. Oct. 14, 2020) (official receiving a letter and failing to take corrective action believed appropriate by the inmate does not suffice to show personal involvement or a constitutional violation).

[40] Disagreement with a treatment choice does not establish a claim for deliberate indifference.  *Bradford v. Kilnard*, No. 12-2947, 2013 WL 639054, at *2 (W.D. La. Jan. 23, 2013), *citing Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)) (A plaintiff's disagreement with his or her treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment.).  The facts do not indicate that any medical provider *knew* or, especially knew and drew the inference, that they were potentially treating Plaintiff incorrectly, if the treatment rendered could even be considered subpar; rather, the provider used different treatments than those "recommended" by an outside physician.  There is nothing in the facts to indicate that any Defendant should have had knowledge that treating Plaintiff in a manner other than with physical therapy would result in Plaintiff becoming ineligible for surgery; indeed, the lack of knowledge on this point is demonstrated by the fact that Plaintiff was scheduled for surgery after being treated unsuccessfully with pain medications and steroid injections.  R. Doc. 4-1, pp. 1-2.

[41] To the extent Plaintiff complains that his grievances regarding medical care went unanswered, these claims are subject to dismissal because inmates have no federally protected liberty interest in having their grievances resolved to his or her satisfaction.  *See Geiger v. Jowers*, 404 F.3d 371, 373-374 (5th Cir. 2005).

[42] 28 U.S.C. § 1367.

claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's federal claims in this matter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, that this Court decline to exercise supplemental jurisdiction over any of Plaintiff's potential state law claims, and that this matter be **CLOSED**.[43]

Signed in Baton Rouge, Louisiana, on October 7, 2021.

*(signature)*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the dismissal of this matter will count as a strike.